# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3304

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Anthony J. Thompson, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: April 15, 2003

Filed: July 10, 2003 **(Corrected 7/24/03)**

_____

Before BYE, RICHARD S. ARNOLD and HANSEN, Circuit Judges.

_____

BYE, Circuit Judge.

Anthony J. Thompson appeals the district court's[1] imposition of a 168-month sentence for possession with intent to distribute five grams or more of a substance containing cocaine base in violation of 21 U.S.C. § 841(a)(1). We affirm.

_____

[1]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

# I

A jury convicted Thompson of possession of more than fifteen unauthorized credit access devices with intent to defraud in violation of 18 U.S.C. § 1029(a)(3) (Count I), and possession with intent to distribute five grams or more of a substance containing cocaine base in violation of 21 U.S.C. § 841(a)(1) (Count II). Following his conviction, Thompson filed a motion for judgment of acquittal or in the alternative a new trial. The district court granted Thompson's motion for judgment of acquittal with respect to Count II on the element of intent to distribute and entered a verdict of guilty to simple possession of cocaine base in violation of 21 U.S.C. § 844(a). At sentencing, the district court noted U.S.S.G. § 2D2.1(b)(1) requires a defendant convicted of possessing more than 5 grams of cocaine base to be sentenced as if convicted of possession of cocaine base with intent to distribute. The district court determined Thompson's guideline sentencing range was 168-210, but departed downward and sentenced Thompson to 120 months imprisonment, stating it was "inappropriate to sentence simple possession of cocaine base as if it were a possession with intent to distribute charge."

Thompson appealed his conviction and sentence and counsel was appointed to represent him in his direct appeal. On July 26, 2000, however, Thompson's attorney filed a motion to withdraw claiming Thompson threatened to kill him. Thompson was ordered to respond to his attorney's motion - including counsel's claim Thompson threatened to kill him. Thompson failed to file a response and on October 3, 2000, the motion to withdraw was granted. Thereafter, Thompson filed two motions for appointment of new counsel which were both denied. Thompson also requested three extensions of the briefing schedule. The court granted those requests and ordered Thompson to file his brief by June 20, 2001. Despite the extensions, Thompson failed to file a brief and his appeal was dismissed.

The government also appealed the conviction and sentence imposed by the district court, arguing the grant of judgment of acquittal and downward departure were erroneous. On April 9, 2002, we granted the government's appeal and reversed

the judgment of acquittal, vacated Thompson's sentence, and remanded for resentencing. United States v. Thompson, 285 F.3d 731, 734 (8th Cir. 2002). On August 30, 2002, the district court sentenced Thompson to 168 months imprisonment and this appeal followed. On appeal, Thompson argues the district court erred at sentencing because there was insufficient evidence to prove he possessed crack cocaine as opposed to another form of cocaine base.

II

Thompson asserts the district court erred in calculating his sentence based on crack cocaine rather than another form of cocaine base not meriting the increased sentence reserved for crack. See United States v. Jackson, 64 F.3d 1213, 1219 (8th Cir. 1995) ("[C]rack . . . [is] the only form of cocaine base to which the stiffer penalties formulated by the Sentencing Guidelines apply."). We review a district court's determination of drug type for clear error and we will reverse only if firmly convinced a mistake has been made. See United States v. Maxwell, 25 F.3d 1389, 1397 (8th Cir. 1994).

When the type of drugs attributable to a defendant is at issue, the government bears the burden of proving the type of drugs by a preponderance of the evidence. See United States v. Tauil-Hernandez, 88 F.3d 576, 579 (8th Cir. 1996). At trial, the government's chemist testified the substance seized was cocaine base, but never specifically identified the substance as "crack" cocaine. Additionally, two police officers testified the rock-like substance seized from Thompson was crack cocaine. Nevertheless, Thompson argues the chemist's testimony was equivocal and does not entirely exclude the possibility the substance may have been a form of cocaine base other than crack. Further, Thompson argues the police officers' testimony was inconclusive because they never tested the substance to definitively determine it was crack cocaine.

In addition to arguing the evidence was sufficient to prove the substance Thompson possessed was crack cocaine, the government contends Thompson is

-3-

precluded from raising this issue in this appeal because he could have raised it in his first appeal. We agree.

A defendant is permitted to raise issues for the first time in a subsequent appeal following a remand if the previous appeal was taken by the government and the defendant did not have the opportunity to raise an issue on appeal at that time. United States v. Boyd, 958 F.2d 247, 249-50 (8th Cir. 1992). Conversely, "[w]here a party could have raised an issue in a prior appeal but did not, a court later hearing the same case need not consider the matter." United States v. Kress, 58 F.3d 370, 373 (8th Cir. 1995) (citing United States v. Wright, 716 F.2d 549, 550 (9th Cir. 1983) (per curiam); United States v. Callaway, 972 F.2d 904, 905 (8th Cir. 1992)).

Notwithstanding the district court's grant of judgment of acquittal on the charge of possession with intent to distribute crack cocaine, Thompson stood convicted of possession of crack cocaine. Any argument attacking the sufficiency of the evidence as to the type of drug involved should have been brought at that time. Indeed, Thompson filed an appeal challenging his conviction and sentencing but, despite numerous extensions, failed to prosecute the appeal. Accordingly, because Thompson could have raised this issue in his first appeal, we will not consider it now.

Nevertheless, Thompson argues he was unable to raise this issue in his first appeal because his attorney withdrew due to a conflict of interest and the issue was too complex for him to raise pro se. Thompson further argues the court should have appointed substitute counsel after his attorney was allowed to withdraw. We find these arguments decidedly unconvincing.

We recognize Thompson's constitutional right to be represented by counsel on appeal. See Douglas v. California, 372 U.S. 353, 358 (1963). A criminal defendant may, however, by virtue of his actions forfeit his constitutional rights. See, e.g., Illinois v. Allen, 397 U.S. 337, 343 (1970) (holding a defendant can lose his constitutional right to be present at trial if he continues disruptive behavior after being warned it may result in removal); United States v. Emery, 186 F.3d 921, 926

(8th Cir. 1999) (holding a defendant who causes a witness to become unavailable for trial forfeits his right to confrontation); Buckley v. Lockhart, 892 F.2d 715, 720 (8th Cir. 1989) (noting the general rule that a criminal defendant who escapes and removes himself from the court's power and remains at large during pendency of his appeal forfeits his right to appeal). Similarly, "a defendant who is abusive toward his attorney may forfeit his right to counsel." United States v. McLeod, 53 F.3d 322, 325 (11th Cir. 1995).

Thompson characterizes his attorney's motivation for withdrawing as a conflict of interest. Our review of the record leads us to a less generous conclusion. Thompson's attorney alleged Thompson threatened to kill him if he did not withdraw. Thompson was given an opportunity to refute the allegation but ignored our order to submit a response. Faced with counsel's undisputed allegation, this court granted the motion to withdraw and refused to appoint new counsel. In light of the seriousness of the allegation, and Thompson's willful failure to submit any explanation or to otherwise refute the allegation, our refusal to appoint substitute counsel did not unconstitutionally abridge Thompson's right to be represented on appeal.

III

The judgment and sentence of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.