# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 05-3618

———————

United States of America,        *
                                  *

    Plaintiff - Appellee,      *
                                  *   Appeal from the United States

v.                            *   District Court for the
                                  *   Western District of Missouri.

Pondrell Robinson, Jr.,      *
                                  *

    Defendant - Appellant.    *

———————

Submitted: June 14, 2006
Filed:   September 11, 2006

———————

Before LOKEN, Chief Judge, BEAM and ARNOLD, Circuit Judges.

———————

LOKEN, Chief Judge.

Pondrell Robinson, Jr., pleaded guilty to one count of conspiracy to distribute fifty grams or more of cocaine base, two counts of distributing five grams or more of cocaine base, and one count of possessing with intent to distribute five grams or more of cocaine base. The district court[1] sentenced him to 240 months in prison, the mandatory minimum sentence for distributing these quantities of cocaine base after a prior conviction for a "felony drug offense." See 21 U.S.C. § 841(b)(1)(A). Robinson appeals, raising two sentencing issues that he did not raise in the district

———————

[1]The HONORABLE FERNANDO J. GAITAN, JR., United States District Judge for the Western District of Missouri.

court, which we consider under the plain error standard of review.  See Fed. R. Crim. P. 52(b); United States v. Willis, 433 F.3d 634, 637 (8th Cir. 2006).  We affirm.

First, relying on recent cases from other circuits, Robinson argues that it was plain error to impose the harsher mandatory minimum sentence mandated for offenses involving the distribution of "cocaine base," rather than the lesser mandatory minimum sentence for an offense involving the same quantity of cocaine or its salts, commonly known as powder cocaine.  Compare 21 U.S.C. § 841(b)(1)(A)(ii)(II), with § 841(b)(1)(A)(iii).  Congress enacted this sentencing differential in the Anti-Drug Abuse Act of 1986.  Pub. L. No. 99-570, § 1002, 100 Stat. 3207.  It is clear from the legislative history that Congress intended to deter the rising use of crack cocaine.  The issue arises because cocaine occurs in nature as an alkaloid (organic base).  Most cocaine imported into this country is first processed into the white, acidic powder cocaine form.  Crack cocaine was developed to meet the demand for a relatively inexpensive, smokeable, highly-addictive form of cocaine.  Crack is a cocaine base that is made from powder cocaine, for example, by heating powder cocaine and baking soda dissolved in water.  But forms of cocaine base other than crack have been imported into this country.  In other words, the statute appears to use a term, cocaine base, that is broader than the crack cocaine problem Congress intended to address.

The Sentencing Commission responded to this issue by defining cocaine base as "crack" for Guidelines purposes.  U.S.S.G. § 2D1.1(c), note (D).  Though this definition is not necessarily controlling in construing 21 U.S.C. § 841(b)(1)(A), a number of circuits have held that the harsher statutory minimum sentences for cocaine base offenses are limited to those convicted of distributing crack, perhaps including other smokeable forms of cocaine .  See United States v. Edwards, 397 F.3d 570, 575-77 (7th Cir. 2005) (collecting cases); United States v. Brisbane, 367 F.3d 910, 912 (D.C. Cir. 2004), cert. denied, 543 U.S.938 (2004); United States v. Munoz-Realpe, 21 F.3d 375, 377-78 (11th Cir. 1994), cert. denied, 506 U.S. 1024 (1992).  We have cited these cases and the Guidelines definition in refusing to invoke the rule of lenity

and sentence those convicted of distributing crack to the lesser penalty for distributing powder cocaine. See United States v . Crawford, 83 F.3d 964, 965-66 (8th Cir. 1996), cert. denied, 519 U.S. 903 (1996); United States v. Jackson, 64 F.3d 1213, 1219-20 (8th Cir. 1995), cert. denied, 516 U.S. 1137 (1996).

In this case, the indictment charged that each offense involved "cocaine base ('crack')." Robinson pleaded guilty to those charges and admitted during the plea colloquy that his offenses involved "distribution of cocaine base, that would be crack." Thus, even if the harsher minimum sentence mandated by 21 U.S.C. § 841(b)(1)(A) for "cocaine base" offenses is limited to a conviction for distributing the crack form of cocaine base (an issue we need not decide), there was no plain error in sentencing Robinson to that minimum sentence.

Second, Robinson argues that the district court committed plain error by enhancing his mandatory minimum sentence from ten years to twenty years based upon a 1998 felony drug conviction in a Kansas state court because (i) the prior conviction exception to the Sixth Amendment ruling in United States v. Booker, 543 U.S. 220 (2005), will "soon be overruled," and (ii) the prior conviction exception does not apply to judicial determinations of the nature of the prior conviction, here, a "felony drug offense." We have repeatedly rejected these contentions. See United States v. Sherman, 440 F.3d 982, 991 (8th Cir. 2006); United States v. Landers, 417 F.3d 958, 964 (8th Cir. 2005), cert. denied, 126 S. Ct. 1881 (2006); United States v. Marcussen, 403 F.3d 982, 984 (8th Cir. 2005), cert. denied, 126 S. Ct. 457 (2005). Robinson did not object to the recitation in his presentence investigation report that the prior conviction was a felony drug offense.

The judgment of the district court is affirmed.

_____