# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1709

_____

United States of America,

        Appellee,

v.

Bernard J. Drapeau, Jr.,

        Appellant.

*
*
*
*
*  Appeal from the United States
*  District Court for the District of
*  South Dakota.
*
*      [UNPUBLISHED]
*

_____

Submitted: December 13, 2006
Filed:  December 26, 2006

_____

Before BYE, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Bernard J. Drapeau, Jr., appeals his sentence imposed by the district court[1] after remand.  Drapeau argues the 262-month sentence imposed is unreasonable because the district court (1) did not account for the "guideline disparity" created by the Bureau of Prison's (BOP) interpretation of good conduct credit under 18 U.S.C. § 3624(b); (2) did not vary downward from the U.S. Sentencing Guidelines (Guidelines) imprisonment range under 18 U.S.C. § 3553(a) despite his serious health

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

problems; and (3) improperly used a preponderance of the evidence standard in determining judicial facts used to craft his sentence. We affirm.

We previously considered Drapeau's appeal of his conviction and 324-month prison sentence for distributing a controlled substance and possessing a controlled substance with the intent to distribute in violation of 21 U.S.C. § 841(a)(1). See United States v. Drapeau, 414 F.3d 869 (8th Cir. 2005), cert. denied, 126 S. Ct. 1090 (2006). We affirmed his conviction but remanded the case for resentencing in light of the holding in United States v. Booker, 543 U.S. 220 (2005). Drapeau, 414 F.3d at 879. On remand, the district court determined the advisory Guidelines imprisonment range was 262 to 327 months and sentenced Drapeau "to the minimum under the sentencing guideline range, 262 months of custody."

Drapeau contends the sentencing table in the Guidelines is "calibrated on the assumption that prisoners exhibiting good conduct would receive 15%, [or] 54 days a year, good time credit off their sentences" but the BOP only credits 12.8%, or 47 days, a year in good-time credit. As a result, he argues the low end of his Guidelines imprisonment range was 2.2% greater than what the Guidelines actually intended and the "minimum" presumptively reasonable sentence is actually six months lower than what the district court stated. As Drapeau did not raise this argument in the district court, we review only for plain error. United States v. Robinson, 462 F.3d 824, 825 (8th Cir. 2006). We need not decide the import of the BOP's policy on Guideline ranges since, even if the applicable sentence range were revised as Drapeau urges to reflect the BOP's good time credit policy, Drapeau's sentence of 262 months would still fall within this proposed guideline range and would be presumptively reasonable. United States v. Lincoln, 413 F.3d 716, 717 (8th Cir.), cert. denied, 126 S. Ct. 840 (2005); accord United States v. Rita, 177 F. App'x 357, 358 (4th Cir.) (unpublished per curiam) (noting a sentence imposed within a properly calculated Guidelines range is presumptively reasonable), cert. granted, 75 U.S.L.W. 3243 (U.S. Nov. 3, 2006) (No. 06-5754). Thus, we find no plain error in the district court's application of the guideline range.

Drapeau also asserts the district court erred in not considering his health problems when considering the factors set forth in 18 U.S.C. § 3553(a). We review the reasonableness of a sentence for an abuse of discretion. United States v. Lee, 454 F.3d 836, 838 (8th Cir. 2006). Drapeau's sentence within the advisory Guideline range is presumptively reasonable. To rebut this presumption, Drapeau "must show that the district court failed to consider a relevant factor that should have received significant weight, gave significant weight to an improper or irrelevant factor, or otherwise committed a clear error of judgment." United States v. Davidson, 437 F.3d 737, 741 (8th Cir. 2006). At his resentencing, Drapeau stated his health was deteriorating and since 1995 he had ruptured his appendix and undergone colon, bladder, and hernia surgeries. He also informed the court he had an existing hernia, suffered from diabetes, high blood pressure, and hepatitis and took several medications. In response, the district court specifically referenced the text of § 3553(a)(2)(D) concerning the medical needs of a defendant and stated, "I would hope that wherever he goes in the federal system he's being provided with proper medical care." The court also reviewed the other factors listed in § 3553(a). We find the district court did consider the relevant § 3553(a) factors and did not otherwise commit a clear error of judgment in determining the sentence.

Finally, Drapeau contends the district court violated his due process rights in imposing a sentence based on drug quantities beyond those found by the jury and determined these higher quantities using a preponderance of the evidence standard of proof. Because the standard of proof at sentencing is only a preponderance of the evidence, United States v. Johnson, 450 F.3d 831, 833 (8th Cir. 2006), we find no error. Accordingly, we affirm.

_____

-3-