# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2872

_____

United States of America,                    *
                                              *
                    Appellee,                 *
                                              *    Appeal from the United States
        v.                                    *    District Court for the
                                              *    District of Nebraska.
Mike R. Gutierrez,                            *
                                              *    [UNPUBLISHED]
                    Appellant.                *

_____

Submitted: April 4, 2008
    Filed: April 9, 2008

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

        Mike R. Gutierrez was found guilty by a jury of conspiring to distribute and possess with intent to distribute between 50 and 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1), 846. He appeals the 180-month prison sentence the district court[1] imposed after this court vacated his sentence and remanded for resentencing in light of United States v. Booker, 543 U.S. 220 (2005). Counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the court's drug-quantity finding violated the Sixth Amendment,

_____

        [1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

and that his sentence is unreasonable. Gutierrez raises a multitude of arguments in his pro se supplemental brief.

To begin, we conclude that there was no <u>Booker</u> error in the district court's drug-quantity finding, because the court did not view the Guidelines as mandatory. <u>See</u> <u>Booker</u>, 543 U.S. at 233-37, 245, 258-59 (Sixth Amendment problem resulting from mandatory nature of Guidelines remedied by making Guidelines advisory); <u>United States v. Gutierrez</u>, 437 F.3d 733, 737 (8th Cir. 2006) (judicial fact finding is permitted under advisory Guidelines). We also conclude that the court did not abuse its discretion in sentencing Gutierrez below the recalculated advisory Guidelines range after appropriately considering the sentencing factors in 18 U.S.C. § 3553(a). <u>See</u> <u>Gall v. United States</u>, 128 S. Ct. 586, 596-97 (2007) (appellate court must review sentence under abuse-of-discretion standard regardless whether sentence imposed is inside or outside Guidelines range); <u>United States v. Haack</u>, 403 F.3d 997, 1002-03 (8th Cir. 2005) (once sentencing court determines appropriate Guidelines range, it must then consider all other § 3553(a) factors to determine whether to impose Guidelines sentence).

As to the pro se arguments, we decline to consider Gutierrez's claims of prosecutorial misconduct, <u>see</u> <u>United States v. Thompson</u>, 335 F.3d 782, 784-85 (8th Cir. 2003) (if party could have raised issue in prior appeal but did not, court later hearing same case need not consider matter); his claims of ineffective assistance of counsel are not properly raised in this direct criminal appeal, <u>see</u> <u>United States v. Hughes</u>, 330 F.3d 1068, 1069 (8th Cir. 2003); and his argument that the district court lacked subject matter jurisdiction over his crime is foreclosed by case law, <u>see</u> <u>United States v. Bell</u>, 90 F.3d 318, 321 (8th Cir. 1996) (Congress may regulate both interstate and intrastate drug trafficking under Commerce Clause).

Finally, having reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we affirm the district court's

judgment, and we grant counsel's motion to withdraw on condition that counsel inform appellant about the procedures for filing petitions for rehearing and for certiorari.

_____