# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3885

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Everette Simmons, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: December 16, 2010
Filed: December 21, 2010

_____

Before WOLLMAN, MELLOY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

A jury found Everette Simmons guilty of conspiracy to distribute and possess with the intent to distribute cocaine, in violation of 21 U.S.C. § 846. The district court[1] sentenced him within the calculated advisory Guidelines range to 110 months in prison and 4 years of supervised release. His counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), in which he seeks to withdraw and challenges the government witnesses' credibility in light of their cooperation agreements. In his pro se brief, Simmons challenges the district court's drug-quantity determination and

---

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

imposition of enhancements under U.S.S.G. § 3B1.1(b) (manager or supervisor of criminal activity) and U.S.S.G. § 3C1.1 (obstruction of justice).

We conclude that there was sufficient evidence to support Simmons's conviction. See United States v. Birdine, 515 F.3d 842, 844 (8th Cir. 2008) (this court reviews sufficiency of evidence in light most favorable to government, resolving evidentiary conflicts in favor of government, and accepting all reasonable inferences that support jury's verdict); see also United States v. Hernandez, 569 F.3d 893, 896 (8th Cir. 2009) (government must prove there was agreement to distribute drugs, and defendant knew of conspiracy and intentionally joined it), cert. denied, 130 S. Ct. 1308 (2010). Assessing how the cooperation agreements affected the witnesses' credibility, as well as resolving any inconsistencies in the testimony, were determinations within the exclusive province of the jury. See United States v. Jones, 559 F.3d 831, 835 (8th Cir. 2009) (verdict may be based solely on testimony of conspirators and cooperating witnesses; deciding credibility and resolving conflicting testimony are within jury's province, and appellate court does not review questions involving witness credibility).

As to Simmons's pro se arguments, we conclude that a preponderance of evidence supports the district court's finding attributing at least 500 grams of cocaine to Simmons. See United States v. Plancarte-Vazquez, 450 F.3d 848, 852-53 (8th Cir. 2006) (standard of review; when calculating drug quantity in context of drug-trafficking conspiracy, sentencing court may consider all transactions known or reasonably foreseeable to defendant that were made in furtherance of conspiracy; affirming district court's drug-quantity determination based on testimony of co-conspirator that defendant and other co-conspirator supplied her with pound quantities of drugs over course of conspiracy). We further conclude that the district court did not clearly err in assessing the 2-level increase for obstructing justice upon finding, based on personal recollection and assessment of Simmons's trial testimony, that Simmons testified falsely, see United States v. Williams, 557 F.3d 556, 560-61 (8th

Cir.) (standard of review), <u>cert. denied</u>, 130 S. Ct. 237 (2009); and did not clearly err in assessing the 3-level increase for being a manager or supervisor of a conspiracy, because there were more than 5 participants and Simmons directed the actions of at least 3 participants, <u>see</u> <u>United States v. Mesner</u>, 377 F.3d 849, 851-52 (8th Cir. 2004) (standard of review).

Finally, having reviewed the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we find no nonfrivolous issue for appeal. Accordingly, we grant counsel leave to withdraw, and we affirm the judgment of the district court.

_____