# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3843

_____

United States of America,

        Appellee,

v.

Dwayne Calais, also known as "Lil D",
also known as "D",

        Appellant.

\*
\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Eastern District of Missouri.
\*
\*  [UNPUBLISHED]
\*
\*

_____

Submitted:  September 7, 2011
Filed:  September 16, 2011

_____

Before WOLLMAN, SMITH, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

      After a jury found Dwayne Calais guilty of conspiring to distribute cocaine, the district court[1] sentenced Calais to 188 months in prison. On appeal, his counsel seeks to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the court improperly admitted Fed. R. Evid. 404(b) evidence of a traffic stop in Texas and a police search in Louisiana, erred in denying a mistrial after an officer involved in the stop testified that Calais refused to talk to him, and erred in

_____

[1]The Honorable Catherine D. Perry, Chief Judge, United States District Court for the Eastern District of Missouri.

imposing sentencing enhancements for obstructing justice and possessing a weapon. In pro se briefs, Calais challenges the obstruction enhancement and denial of a downward variance, and asserts a double jeopardy violation based on his retrial after the first trial ended in a hung jury. Upon careful review, we affirm.

We reject the trial-related arguments. We find no abuse of discretion in allowing the Rule 404(b) evidence, because it was relevant to Calais's intent and knowledge, see United States v. Jackson, 278 F.3d 769, 771 (8th Cir. 2002); or in denying a mistrial, because the government did not deliberately elicit the objectionable testimony, the district court gave a curative instruction to the jury, and the government otherwise presented substantial evidence of Calais's guilt, see United States v. Urqhart, 469 F.3d 745, 747, 749 (8th Cir. 2006). Calais's double jeopardy argument lacks merit. See Yeager v. United States, 129 S. Ct. 2360, 2366 (2009).

We also reject the sentencing arguments. First, the weapon enhancement under U.S.S.G. § 2D1.1(b)(1) was proper, as police found a gun within Calais's reach and a witness testified to seeing him with a gun while dealing drugs. See United States v. Pizano, 421 F.3d 707, 732 (8th Cir. 2005). Second, the obstruction enhancement under U.S.S.G. § 3C1.1 was proper given the district court's finding that Calais had testified falsely at his first trial. See United States v. Williams, 557 F.3d 556, 560-61 (8th Cir. 2009). Third, we find no abuse of discretion in declining to vary downward: the court heard the arguments for a variance; stated that it had considered the 18 U.S.C. § 3553(a) factors; and found that this was a serious case because of the drug quantity, that the sentencing disparities were not unwarranted, and that the sentence was necessary to reflect the objectives of punishment, deterrence, and public protection. See United States v. Gonzalez, 573 F.3d 600, 607 (8th Cir. 2009).

Finally, after reviewing the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues for appeal. Accordingly, counsel is granted leave to withdraw, and the judgment is affirmed.

_____