# United States Court of Appeals
## For the Eighth Circuit
_____

No. 24-1597
_____

United States of America

*Plaintiff - Appellee*

v.

Armando Angel Cheshier

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Southern
_____

Submitted: February 13, 2025
Filed: April 10, 2025
_____

Before COLLOTON, Chief Judge, BENTON and STRAS, Circuit Judges.
_____

BENTON, Circuit Judge.

Armando Angel Cheshier was convicted of distribution of a controlled substance resulting in serious bodily injury (Count 1) and possession of a controlled substance with intent to distribute (Counts 2 and 3), in violation of 21 U.S.C.

§§ 841(a)(1) and 841(b)(1)(C). The district court[1] sentenced him to 252 months on Count 1, 240 months on Count 2, and 240 months on Count 3, to run concurrently. He appeals his conviction. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

## I.

Cheshier argues the district court erred in rejecting his guilty plea. Because he did not object in the district court, this court reviews for plain error. *United States v. Williams*, 557 F.3d 556, 559 (8th Cir. 2009). Under plain-error review, "the party seeking relief must show that there was an error that is clear or obvious under current law, that affected the party's substantial rights, and that seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Ruzicka*, 988 F.3d 997, 1008 (8th Cir. 2021) (internal quotation marks omitted).

"There is 'no absolute right to have a guilty plea accepted' and a district court 'may reject a plea in exercise of *sound* judicial discretion.'" *United States v. Brown*, 331 F.3d 591, 594 (8th Cir. 2003), *quoting Santobello v. New York*, 404 U.S. 257, 262 (1971). "The discretion to reject a tendered guilty plea is most often exercised when the defendant cannot or will not provide the adequate factual basis for the plea." *United States v. Carnahan*, 684 F.3d 732, 737 (8th Cir. 2012). "A factual basis for a plea of guilty is established when the court determines there is sufficient evidence at the time of the plea upon which the court may reasonably determine that the defendant likely committed the offense." *Williams*, 557 F.3d at 560 (internal quotation marks omitted).

---

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

In August 2023, Cheshier attempted to plead guilty to Count 1 of the indictment:

> On or about September 29, 2021, in the District of South Dakota the Defendant, Armando Angel Cheshier, did knowingly and intentionally distribute fentanyl, a Schedule II controlled substance, and the distribution of said fentanyl resulted in the death of Victim # 1, whose identity is known to the Grand Jury, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C).

At the plea hearing, the court questioned him about the factual basis for his plea:

> The Defendant: Yeah, I didn't intentionally distribute fentanyl. I didn't distribute fentanyl, period.
>
> The Court: Did you transfer the fentanyl to someone else?
>
> The Defendant: No.
>
> The Court: Did you attempt to transfer it to someone else?
>
> The Defendant: No.
>
> The Court: So I'm looking at the factual basis statement, and it says "My name is Armando Angel Cheshier. On or about September 29th, 2021, in the District of South Dakota, I knowingly and intentionally attempted to transfer alprazolam, a Schedule IV controlled substance, to [Victim 1], which was included in my baggie. Also included in that baggie were tablets containing fentanyl."
>
> So are you saying you didn't intentionally give the baggie to [Victim 1]?
>
> The Defendant: I didn't give her anything. I had a baggie on my bed, and I suggested she take an alprazolam pill out of my bag, and she took fentanyl and alprazolam. I know she's not a fentanyl user—she's a meth user—and so I suggested she take alprazolam. I didn't hand-to-

-3-

hand transfer anything. There was a pill bag on the bed that was my pills. I take responsibility for them being my pills.

The Court: So what you're telling me is that you had a bag of pills laying on the bed. You told her to take a pill out of there.

The Defendant: An alprazolam. I suggested she take an alprazolam. That's, like, why I'm having the hardest time with this because I didn't intentionally distribute fentanyl. And I know she's not a fentanyl user.

The Court: Counsel, it doesn't sound like he's going to plead guilty.

The Defendant: No, I'm going to plead guilty if you accept my factual basis. I just—this has been a whole 14 months of me trying to tell myself that I distributed fentanyl to her. I had possession of fentanyl with maybe the intent to distribute.

Because Cheshier explicitly denied distributing fentanyl to Victim 1, the district court did not plainly err in rejecting his guilty plea.

## II.

Cheshier asserts the court erred in instructing the jury on intentional distribution of a controlled substance. This court reviews "challenges to jury instructions under a deferential abuse of discretion standard." *United States v. Wilkins*, 25 F.4th 596, 600 (8th Cir. 2022). There will be no error "when the jury instruction fairly and adequately submitted the issue to the jury." *Id*.

To convict for distribution of a controlled substance resulting in death or serious bodily injury, the government must prove that: "(1) the defendant knowingly or intentionally distributed a drug; and (2) the victim died or sustained a serious bodily injury caused by the use of the drug." *United States v. Moore*, 71 F.4th 678, 690 (8th Cir. 2023) (defining the elements of "distribution of fentanyl resulting in death"). *See* **21 U.S.C. § 841(a)(1)** (stating that it is illegal for anyone to "knowingly or intentionally" "manufacture, distribute, or dispense, or possess with intent to

manufacture, distribute, or dispense, a controlled substance"); **21 U.S.C. § 841(b)(1)(C)** (providing enhanced penalties "if death or serious bodily injury results from the use" of the controlled substance); ***Burrage v. United States***, 571 U.S. 204, 210 (2014) (holding that the crime of distributing heroin in violation of § 841(a)(1) "has two principal elements: (i) knowing or intentional distribution of heroin . . . and (ii) death caused by ("resulting from") the use of that drug").

At trial, the court instructed the jury:

> For you to find Armando Angel Cheshier guilty of the offense of distribution of fentanyl resulting in death as charged in Count 1 of the Indictment, the prosecution must prove the following three essential elements beyond a reasonable doubt:
>
> ***One***, **that on or about September 29, 2021, Cheshier knowingly or intentionally transferred fentanyl to Victim #1;**

Cheshier believes the court erred in declining his instruction: "If you believe it is possible that [Redacted Name] took fentanyl pills from the Defendant without the Defendant intentionally distributing them to her, you must find the Defendant not guilty." The district court determined this instruction inaccurately stated the burden of proof. Additionally, it omitted the knowingly language from 21 U.S.C. § 841(a)(1), *Burrage*, and *Moore*.

The district court's instruction was a correct statement of the law. *See **United States v. Cooper***, 990 F.3d at 581-82 (holding that to "sustain a conviction under 21 U.S.C. § 841(a)(1), with a serious bodily injury enhancement under 21 U.S.C. § 841(b)(1)(C)," the government must prove the defendant "knowingly or intentionally" distributed a controlled substance and that serious bodily injury resulted from the use of that substance). The district court did not abuse its discretion in instructing the jury.

## III.

Cheshier believes the government failed to prove beyond a reasonable doubt that he knowingly or intentionally distributed fentanyl. This court reviews the sufficiency of the evidence de novo, viewing the evidence most favorably to the verdict. *United States v. Spears*, 454 F.3d 830, 832 (8th Cir. 2006). Reversal is warranted only if "no reasonable jury could find the defendant guilty beyond a reasonable doubt." *Id*. This court does not "weigh the evidence or assess the credibility of the witnesses." *United States v. Lundstrom*, 880 F.3d 423, 436 (8th Cir. 2018).

There was sufficient evidence for the jury to reasonably conclude that Cheshier knowingly or intentionally distributed fentanyl to Victim 1. The jury heard evidence from Cheshier's 911 call that Victim 1 grabbed Xanax and fentanyl from his hand and ingested them. The jury also saw body camera video from two responding officers and an investigating officer where Cheshier stated that he suggested to Victim 1 that they do drugs, that he offered her pills from his bag of Xanax and fentanyl, that she grabbed them from him, and that she took too many. Text messages from a few days before Victim 1's death show Cheshier and Victim 1 discussing distributing fentanyl and Xanax. Based on these facts, a reasonable juror could find that Cheshier knowingly or intentionally transferred fentanyl to Victim 1.

The evidence also showed that Victim 1's death resulted from the fentanyl she received from Cheshier. *See* **21 U.S.C. § 841(b)(1)(C)** (providing enhanced penalties "if death or serious bodily injury results" from the use of a controlled substance that has been unlawfully distributed by the defendant). The statutory enhancement may be proved either by "but-for" causation or if the drug use is an independently sufficient cause of death. *United States v. Lewis*, 895 F.3d 1004, 1010 (8th Cir. 2018).

Dr. Kenneth Snell, a forensic pathologist and the coroner, testified that the fentanyl in Victim 1's system was "in and of itself" fatal. He also testified that based on Victim 1's prior history of meth usage and the lack of evidence of her meth use between midnight and 3 a.m., she could have survived the meth in her system, but not the fentanyl. He said that "there's no indication that we could say today she would be dead had it not been for her taking those fentanyl pills." This testimony was sufficient to show that the fentanyl Victim 1 obtained from Cheshier was independently sufficient to kill her. *See United States v. Broeker*, 27 F.4th 1331, 1335-36 (8th Cir. 2022) (upholding conviction for distribution of fentanyl resulting in death based in part on the forensic toxicologist's testimony that despite multiple drugs in the victim's system at death, the amount of fentanyl could have "by itself, caused his death").

Cheshier argues the evidence does not show that the fentanyl alone caused Victim 1's death. But this is not required. In *Seals*, this court addressed a similar argument. *See United States v. Seals*, 915 F.3d 1203, 1206 (8th Cir. 2019). There, the victim collapsed about seven minutes after ingesting fentanyl. *Id*. at 1205. Post-mortem blood tests showed the victim had morphine, codeine, fentanyl, and acetyl-fentanyl in his system. *Id*. at 1204–05. Experts testified that they could not determine which drug caused the overdose. *Id*. at 1205. The defense argued the government had to exclude the possibility that a different drug was an independently sufficient cause of the overdose. *Id*. at 1205–1206. This court disagreed, stating that although "the evidence must be consistent with guilt, it need not be inconsistent with every other reasonable hypothesis." *Id*. at 1205. The determination of whether the different drugs present in the victim's blood were independently sufficient to cause the overdose or were the "but-for" cause of the overdose was a factual decision for the jury. Here, Dr. Snell testified that the fentanyl in Victim 1's system alone was enough to kill her, and that she could have lived but for ingestion of it.

This evidence, viewed most favorably to the verdict, was sufficient for a reasonable juror to conclude that Victim 1's death resulted from Cheshier's knowing or intentional transfer of fentanyl to her.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____