# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4146
No. 05-4156

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeals from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| James Eric Moore, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: September 28, 2006
Filed: December 13, 2006

_____

Before LOKEN, Chief Judge, SMITH, and GRUENDER, Circuit Judges.

_____

LOKEN, Chief Judge.

While on supervised release from a prior drug conviction, James Eric Moore sold cocaine base (crack cocaine) to a confidential informant. Police then conducted a warrant search of his residence which uncovered a distribution quantity of crack cocaine. The government indicted Moore for possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841 and separately petitioned the court to revoke supervised release. A jury convicted Moore of possession with intent to distribute. In the revocation proceeding, Moore admitted violating conditions of supervised

release. The district court[1] sentenced Moore to 188 months in prison and 6 years of supervised release for the new offense, plus a consecutive 24 months in prison for violating the terms of his prior supervised release. Moore appeals, arguing that the court erred in denying his motions to dismiss the new indictment and the revocation proceedings, and that the 188-month sentence was based upon an incorrect determination of drug quantity and is unreasonable. We affirm.

1. Moore argues that his indictment must be dismissed because 21 U.S.C. § 841(b), which provides that the court "shall" impose a term of supervised release in addition to a term of imprisonment, is unlawful for two reasons. First, because it violates 18 U.S.C §§ 3559(b) and 3583[2] by mandating a term of supervised release in addition to the penalties authorized by those statues; second, because it violates the Sixth Amendment as construed in Apprendi, Blakely, and Booker[3] by increasing the penalty for a § 841 offense beyond the statutory maximum penalty based on grounds not submitted to a jury. Moore argues that, for the same reason, his revocation sentence violates Apprendi, Blakely, and Booker. We recently rejected these arguments in United States v. Postley. 449 F.3d 831, 832-34 (8th Cir. 2006). Postley is controlling authority. See also Booker, 543 U.S. at 258, noting that "§ 3583 (supervised release)" is "perfectly valid."

---

[1]The HONORABLE LINDA R. READE, United States District Judge for the Northern District of Iowa.

[2]Section 3559(b) provides that "the maximum term of imprisonment is the term authorized by the law describing the offense," here 21 U.S.C. § 841(b). Section 3583 provides that "[t]he court, in imposing a sentence to a term of imprisonment . . . shall include as a part of the sentence a requirement that the defendant be placed on a term of supervised release if such a term is required by statute," as § 841(b) requires.

[3]Apprendi v. New Jersey, 530 U.S. 466 (2000); Blakely v. Washington, 542 U.S. 296 (2004); United States v. Booker, 543 U.S. 220 (2005).

The indictment charged that Moore possessed with intent to distribute "cocaine base, commonly called 'crack cocaine', a Schedule II controlled substance," in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Moore further argues that the indictment must be dismissed for failing to charge an offense under the statute because Schedule II, found in 21 U.S.C. § 812(b), lists only cocaine, not cocaine base. This argument is without merit. Subpart (a)(4) of Schedule II lists "cocaine, its salts . . . or any compound, mixture, or preparation which contains any quantity of" cocaine or its salts. "Because cocaine base and crack cocaine are mixtures that contain cocaine . . . both substances are encompassed by schedule II's definition." Sanders v. United States, 237 F.3d 184, 185 (2nd Cir.), cert. denied, 532 U.S. 1000 (2001) (citations omitted).

2. In determining the advisory guidelines sentencing range, the district court found that Moore was responsible for possessing with intent to distribute 33.56 grams of crack cocaine, which produced a base offense level of 28. Moore attacks this determination on several grounds. First, he argues that the district court erred in using "the cocaine base guidelines instead of the powder cocaine guideline." This contention is without merit. See, e.g., United States v. Robinson, 462 F.3d 824, 825 (8th Cir. 2006); U.S.S.G. § 2D1.1, Note (D) to Drug Quantity Table.

Moore next argues that the district court erred in aggregating the drug quantities from several distinct transactions because he was charged with only a single offense. However, the relevant guidelines expressly permit the aggregation of drug quantities not specified in the offense of conviction if those transactions were "part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2); see § 2D1.1, comment. (n.12); United States v. Chatman, 982 F.2d 292, 294 (8th Cir. 1992). The warrant search of Moore's residence uncovered 2.7 grams of crack cocaine. At trial, a police detective testified that Moore admitted buying for resale 1.5 grams of crack cocaine from four different individuals, five or six times each, in the two previous months. The district court did not clearly err in

finding that Moore's multiple purchases and resales were part of a common scheme or plan and aggregating these quantities to find Moore responsible for 33.56 grams of crack cocaine. See United States v. Lincoln, 413 F.3d 716, 717 (8th Cir. 2005).

Finally, Moore argues that the district court erred in failing to reduce his drug quantity determination by the amount of crack cocaine he purchased for personal use. See United States v. Fraser, 243 F.3d 473, 475-76 (8th Cir. 2001) ("in calculating the base offense level . . . for a conviction of possession with the intent to distribute . . . drug quantities intended for personal use must be excluded"). At sentencing, Moore testified that he resold "about half" of the crack cocaine he purchased and personally used the rest. The district court did not credit this personal use testimony. Though Moore has a history of cocaine addiction, police found no evidence of personal drug use when they searched his residence, and the drug tests submitted as part of his supervised release indicated no drug use during the eight months prior to the warrant search. In addition, the court noted that the total of 33.56 grams of crack cocaine was at the high end of the offense level 28 range and therefore any incidental personal use quantities would not change the base offense level determination. See U.S.S.G. § 2D1.1(c)(6) (Drug Quantity Table). These findings are not clearly erroneous.

3. Moore also argues that his 188-month sentence is unreasonable. The district court correctly determined that his advisory guidelines range is 151 to 188 months. The court then found that this "is in the heartland of cases," rejecting Moore's request for a downward departure or variance because "[t]his is not an atypical case or an atypical defendant." Expressly reviewing each of the sentencing factors in 18 U.S.C. § 3553(a), and noting that Moore committed this offense while on supervised release and has "a long criminal history dating back to age twelve," the court imposed a sentence at the top of the guidelines range. On appeal, Moore argues that the sentence is unreasonable, particularly because the district court refused to take into account the great disparity between the statutory and guidelines penalties for distributing crack versus powder cocaine. Our court has now confirmed that the district court was

correct in concluding that "neither <u>Booker</u> nor § 3553(a) authorizes district courts to reject" the powder cocaine to crack cocaine quantity ratio mandated by Congress and reflected in the Guidelines. <u>United States v. Spears</u>, No. 05-4468, 2006 WL 3488734, at *7 (8th Cir. Dec. 5, 2006) (en banc).

Our review of a district court's sentence for reasonableness under <u>Booker</u> is akin to review for abuse of discretion. <u>United States v. Lazenby</u>, 439 F.3d 928, 931-32 (8th Cir. 2006). Having carefully considered the sentencing record, the reasons stated by the district court for the sentence imposed, and Moore's arguments on appeal, we conclude that the 188-month sentence, the top of Moore's advisory guidelines range, is not unreasonable.

The separate judgments of the district court dated November 17, 2005, are affirmed.

_____