# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 05-4146
No. 05-4156

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeals from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| James Eric Moore, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: February 15, 2008
Filed: March 6, 2008

_____

Before LOKEN, Chief Judge, SMITH and GRUENDER, Circuit Judges.

_____

LOKEN, Chief Judge.

A jury convicted James Eric Moore of possession of crack cocaine with intent to distribute. The district court[1] declined to grant a downward departure or variance from the advisory guidelines sentencing range and sentenced Moore to 188 months in prison, the top of that range, followed by six years of supervised release. We affirmed the conviction and sentence, rejecting Moore's contention that his sentence is unreasonable because the district court "refused to take into account the great

_____

[1]The HONORABLE LINDA R. READE, Chief Judge of the United States District Court for the Northern District of Iowa.

disparity" in the penalties imposed on crack and powder cocaine offenders under the now-advisory Guidelines. United States v. Moore, 470 F.3d 767, 770 (8th Cir. 2006). The Supreme Court granted Moore's petition for a writ of certiorari, vacated our judgment, and remanded for further consideration in light of its recent decision in Kimbrough v. United States, 128 S. Ct. 558 (2007). Moore v. United States 128 S. Ct. 858 (2008). We conclude that the district court did not make the error of law identified in Kimbrough and did not abuse its substantial discretion in imposing a sentence within the guidelines range. See Gall v. United States, 128 S. Ct. 586, 597 (2007). Accordingly, we again affirm.

Under § 2D1.1 of the Guidelines, a drug trafficker dealing in crack cocaine is subject to the same sentence as one dealing in one hundred times more powder cocaine. This sentencing relationship is commonly referred to, rather misleadingly, as a "100:1 ratio." The Sentencing Commission based these provisions on Congress's decision to adopt the same ratio in the mandatory minimum sentences for drug offenses found in 21 U.S.C. §§ 841(b)(1)(A)(ii) and (iii), (B)(ii) and (iii). See Kimbrough, 128 S. Ct. at 567. Though the resulting disparity has long been heavily criticized, Congress until recently rejected numerous Sentencing Commission proposals to reduce or eliminate it.[2] During the mandatory Guidelines era, we consistently held that the harsher penalties imposed on crack cocaine offenders were neither unconstitutional nor a proper basis for a downward departure under the Guidelines. See United States v. Lewis, 90 F.3d 302, 306 (8th Cir. 1996).

When the Supreme Court declared the Guidelines advisory in United States v. Booker, 543 U.S. 220 (2005), some district courts outside this circuit quickly held that the harsh crack cocaine penalties produced by the 100:1 ratio were a valid basis for a downward *variance* from the advisory guidelines range. See, e.g., United States v.

_____

[2]Effective November 1, 2007, the Commission amended § 2D1.1 to reduce the sentencing disparity between crack and powder cocaine offenses and later made that amendment retroactive. See USSG App. C, Amend. 706, 711.

Perry, 389 F. Supp. 2d 278 (D.R.I. 2005). At the time of Moore's sentencing in November 2005, our court had not considered this question. Citing decisions such as Perry and the Sentencing Commission's rejected proposals to amend the crack cocaine guidelines, Moore argued that "a sentence below the Guidelines range is warranted in view of the unreasonableness of the Guidelines' treatment of crack cocaine versus powder cocaine offenders." The district court responded:

> With regard to the crack and powder cocaine difference, that is the law. I'm applying the law as it currently stands. If that is going to be changed, that is a congressional matter. Congress is the one who looks at the guidelines and decides whether or not they should be put in -- in force. . . . I'll be following what Congress has approved, which are the current guidelines that make that differentiation.

The district court then correctly calculated the guidelines range sentence, which included an enhancement for obstruction of justice because Moore lied repeatedly in testifying at trial and at the sentencing hearing. After considering each of the sentencing factors in 18 U.S.C. §§ 3553(a)(1) and (2), the court declined to depart downward or to grant a downward variance because "[t]his is not an atypical case or an atypical defendant." Noting that Moore committed this offense while on supervised release from a prior drug conviction, "has a long criminal history dating back to age twelve," and has the ability to work but has not worked steadily, the court imposed a 188-month sentence, the top of the advisory guidelines range.

One week after Moore was sentenced, we rejected the argument that Booker mandates a variance from the guidelines range because the crack-powder sentencing disparity is inherently unreasonable. United States v. Cawthorn, 429 F.3d 793, 802-03 (8th Cir. 2005); see United States v. Tabor, 439 F.3d 826, 830-31 (8th Cir. 2006). But three weeks later, another judge in the Northern District of Iowa held that the 100:1 ratio is inherently unreasonable and granted a downward variance based on an alternative range calculated by using a 20:1 ratio. The government appealed that

sentence and, to avoid the prospect of inconsistent panel decisions on this recurring question, we granted initial en banc consideration and reversed, joining many other circuits in rejecting a downward variance based solely on the district court's categorical rejection of the 100:1 ratio. United States v. Spears, 469 F.3d 1166, 1178 (8th Cir. 2006) (en banc). In affirming Moore's sentence, we relied on the en banc decision in Spears, which has also been vacated and remanded for further consideration in light of Kimbrough. Spears v. United States, 128 S. Ct. 858 (2008).

In Kimbrough, the Supreme Court held that, "under Booker, the cocaine Guidelines, like all other Guidelines, are advisory only" and therefore the court of appeals erred "in holding the crack/powder disparity effectively mandatory." 128 S. Ct. at 564. The Supreme Court did not hold, as the district court held in Spears, that the crack cocaine guidelines are categorically unreasonable and should therefore be replaced with a judicial substitute such as the 20:1 ratio. Rather, the Court concluded that, in making the particularized sentencing determination required by 18 U.S.C. § 3553(a), the district court "may consider the disparity between the Guidelines' treatment of crack and powder cocaine offenses." Id. Indeed, in concluding that the sentence in Kimbrough "should survive appellate inspection" under Booker and Gall, the Court noted that the district court "did not purport to establish a ratio of its own," but instead "properly homed in on the particular circumstances of Kimbrough's case." Id. at 575-76.

In this case, the district court sentenced Moore prior to our en banc decision in Spears. The court rejected Moore's contention that the 100:1 ratio, without more, warranted a downward variance. But the court did not state it had no discretion under Booker to take the crack/powder guidelines disparity into account in deciding whether a variance was warranted by the discretionary § 3553(a) factors. As there was then no circuit authority to the contrary, we presume the district court was aware that Booker granted it discretion to vary downward based upon the impact of the crack cocaine guidelines on this defendant, but elected not to exercise that discretion. Cf.

United States v. Riza, 267 F.3d 757, 759 (8th Cir. 2001). Thus, like the district court in Kimbrough, the district court here committed no "significant procedural error" in applying Booker. Gall, 128 S. Ct. at 597. We must also review the substantive reasonableness of the 188-month sentence. In doing so, the Sentencing Commission's long-standing opposition to the 100:1 ratio provides some basis for not applying our normal presumption that a sentence within the advisory guidelines range is reasonable. See Kimbrough, 128 S. Ct. at 575. But whether or not the sentence in this case is presumptively reasonable, the district court's careful explanation of why the § 3553(a) factors warranted a sentence at the top of Moore's advisory guidelines range requires us to conclude that the sentence is substantively reasonable under "the deferential abuse-of-discretion standard of review that applies to all sentencing decisions." Gall, 128 S. Ct. at 598.

For the foregoing reasons, and for the reasons stated in our prior opinion regarding all other issues raised in these consolidated appeals, the separate judgments of the district court dated November 21, 2005, are affirmed.

_____