# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3020

_____

United States of America,

          Appellee,

    v.

Ricardo Watkins, also known as
Mac,

          Appellant.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Northern District of Iowa.
\*
\*   [UNPUBLISHED]
\*
\*

_____

Submitted: February 13, 2008
Filed: May 1, 2008

_____

Before COLLOTON, GRUENDER, Circuit Judges, and GOLDBERG, Judge.[1]

_____

PER CURIAM.

This case is before us on remand from the United States Supreme Court for reconsideration in light of *Kimbrough v. United States*, 552 U.S. ---, 128 S. Ct. 558 (2007). After reconsidering Ricardo Watkins's sentence as directed by the Supreme

[1]The Honorable Richard W. Goldberg, Judge of the United States Court of International Trade, sitting by designation.

Court, we find that the district court[2] did not commit the procedural error identified in *Kimbrough* and did not abuse its substantial discretion in imposing a life sentence. *See Gall v. United States*, 552 U.S. ---, 128 S. Ct. 586, 597 (2007).  We again affirm.

A jury found Watkins guilty of conspiracy to distribute or possess with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846, and of distributing less than five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).  In his sentencing memorandum, Watkins requested a downward variance from the advisory guidelines range because he was not arrested until 2005 for his alleged actions during the mid to late 1990s; he was influenced by gang activity when he grew up in Chicago; he was close to his two children, his mother, and her husband; he had a construction business in Chicago; he maintained a B average in college; and he was not currently engaged in drug-related activity.  Watkins also argued that a sentence within the advisory guidelines range would create unwarranted sentencing disparities with the other defendants involved in the conspiracy.  In a supplemental sentencing memorandum, Watkins argued that the district court should vary downward from the advisory guidelines range because of the sentencing disparity created by the 100:1 ratio between crack and powder cocaine in the United States Sentencing Guidelines.

At the sentencing hearing, the district court heard arguments from Watkins and the Government.  The district court then thoroughly discussed the factors in 18 U.S.C. § 3553(a) as applied to Watkins, including the nature and circumstances of his offense; his history and characteristics; the need to impose a sentence that reflects the seriousness of the offense, affords adequate deterrence to criminal conduct, protects the public from further crimes, and provides Watkins with needed educational or vocational training, medical care, or correctional treatment in the most effective

---

[2]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

manner; the kinds of sentences available; the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and a finding that restitution was not an issue in Watkins's case. The district court then stated:

> On the issue of variance, the Court is aware that it does have the power to vary from an advisory guideline sentence. Certainly, the sentencing guidelines are not mandatory. . . . I have carefully considered the arguments made by the defendant in this case, and I decline to vary after studying them. To vary would, in my opinion, run afoul of the statutory factors at 18 United States Code Section 3553(a).

Sent. Tr. at 54. The district court denied Watkins's motion for a new trial and sentenced him to life in prison, a sentence within the advisory sentencing guidelines range. Watkins appealed the district court's denial of his motion for a new trial and his sentence. This court affirmed both decisions. *See United States v. Watkins*, 486 F.3d 458 (8th Cir. 2007), *vacated*, 552 U.S. ---, 128 S. Ct. 906 (2008). Affirming the sentence, this court rejected Watkins's argument that the 100:1 ratio was per se unreasonable. *See id.* at 470 n.8.[3]

We again reject Watkins's argument that a sentence within an advisory guidelines range based on the 100:1 ratio is per se unreasonable. In *Kimbrough*, the Supreme Court held that a district court "may consider the disparity between the Guidelines' treatment of crack and powder cocaine offenses," *Kimbrough*, 128 S. Ct. at 564, and further elaborated that "[i]t would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case," *id.* at 575. However, "[t]he Supreme Court did not hold . . . that the crack cocaine guidelines are categorically unreasonable

---

[3]We now reinstate the vacated opinion, with the exception of footnote eight.

. . . ." *United States v. Moore*, 518 F.3d 577, 579 (8th Cir. 2008). Thus, we again reject Watkins's argument that a sentence based on a 100:1 ratio is per se unreasonable.

Watkins does not claim that the district court did not believe that it had the authority to vary based on the disparity created by the 100:1 ratio. Even had he made such an argument, we would reject it. In reviewing the sentencing transcript, we find no support for the proposition that the district court did not believe it had the authority to vary based on the crack/powder disparity. As in *Moore*, the district court "did not state it had no discretion under [*United States v. Booker*, 543 U.S. 220 (2005)] to take the crack/powder guidelines disparity into account in deciding whether a variance was warranted by the discretionary § 3553(a) factors." *Moore*, 518 F.3d at 580. Rather, the record suggests that the district court rejected all of Watkins's reasons to vary and instead chose to impose a guidelines sentence because the § 3553(a) factors it had just thoroughly discussed simply did not warrant a variance in the particular circumstances of this case. As there was no circuit authority to the contrary[4] and because the district court did not suggest that it lacked authority to vary based on the crack/powder disparity, we presume that the district court knew that such a variance was permissible. *Id.* ("[W]e presume the district court was aware that *Booker* granted it discretion to vary downward based upon the impact of the crack cocaine guidelines on this defendant, but elected not to exercise that discretion."). Therefore, the district court did not commit the procedural error identified in *Kimbrough*.

Finally, for the reasons discussed in this opinion and our prior opinion, *Watkins*, 486 F.3d at 470-71, and based on the district court's thorough analysis of the § 3553(a) factors, we again conclude that the district court did not abuse its substantial

---

[4]As in *Moore*, Watkins was sentenced prior to our *Spears* decision, which held that a district court could not vary downward based solely on its categorical rejection of the 100:1 ratio, *see United States v. Spears*, 469 F.3d 1166 (8th Cir. 2006) (en banc), *vacated*, 552 U.S. ---, 128 S. Ct. 858 (2008).

discretion when it imposed a within-guidelines life sentence on Watkins and that the sentence is reasonable. *See Gall*, 128 S. Ct. at 597. As we noted in our prior opinion, Watkins's life sentence "was within the range of choice dictated by the facts of the case." *Watkins*, 486 F.3d at 471.

Accordingly, we affirm Watkins's sentence.

_____