# United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

_____

No. 06-3489

_____

United States of America,

        Appellee,

v.

Keith A. Jones,

        Appellant.

\*
\*
\*
\*    Appeal from the United States
\*    District Court for the
\*    Western District of Missouri.
\*
\*    [UNPUBLISHED]
\*

_____

Submitted: February 14, 2008
Filed: May 1, 2008

_____

Before MELLOY, BOWMAN and GRUENDER, Circuit Judges.

_____

PER CURIAM.

This case is before us on remand from the United States Supreme Court for reconsideration in light of *Kimbrough v. United States*, 552 U.S. ---, 128 S. Ct. 558 (2007). After reconsidering Keith A. Jones's sentence as directed by the Supreme

Court, we find that the district court[1] did not commit the procedural error identified in *Kimbrough* when it sentenced Jones. We again affirm.[2]

In *Kimbrough*, the Supreme Court rejected the position that the crack/powder disparity in the sentencing guidelines was mandatory and held that "under [*United States v. Booker*, 543 U.S. 220 (2005)], the cocaine Guidelines, like all other Guidelines, are advisory only." *Kimbrough*, 128 S. Ct. at 564. After holding that a district court "may consider the disparity between the Guidelines' treatment of crack and powder cocaine offenses," *id.*, it further elaborated that "[i]t would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case," *id.* at 575.

In our previous *Jones* opinion, we first expressed doubt that the crack/powder disparity was a relevant sentencing factor under 18 U.S.C. § 3553(a). *Jones*, 493 F.3d at 941. *Kimbrough* held to the contrary. *Kimbrough*, 128 S. Ct. at 564. However, in our initial *Jones* opinion, we then presumed that the crack/powder disparity was a relevant factor and determined that the district court considered and rejected Jones's argument for a variance on that basis because it was not warranted in this case. This alternative holding adheres to *Kimbrough*'s holding that a district court may consider the crack/powder disparity when sentencing a defendant. *Id.*

---

[1]The Honorable Fernando J. Gaitan, Jr., Chief Judge, United States District Court for the Western District of Missouri.

[2]We reinstate the vacated opinion of *United States v. Jones*, 493 F.3d 938, 941 (8th Cir. 2007), *vacated*, 552 U.S. ---, 128 S. Ct. 928 (2008), with the exception of the paragraph discussing the propriety of a variance based on the disparity created by the United States Sentencing Guidelines' use of a 100:1 ratio between crack and powder cocaine.

As in our recent *United States v. Moore* decision, the district court "did not state it had no discretion under *Booker* to take the crack/powder guidelines disparity into account in deciding whether a variance was warranted by the discretionary § 3553(a) factors." 518 F.3d 577, 580 (8th Cir. 2008). Instead, the district court considered both parties' arguments regarding various § 3553(a) factors, including Jones's argument about the crack/powder disparity, and concluded that a sentence of 140 months' imprisonment, ten months above the low end of the advisory guidelines range, was appropriate. Because the district court did not indicate that it lacked authority to consider the crack/powder disparity when imposing Jones's sentence, "we presume the district court was aware that *Booker* granted it discretion to vary downward based upon the impact of the crack cocaine guidelines on this defendant, but elected not to exercise that discretion." *See id.*[3]

Finding no procedural error and no abuse of substantial discretion, *see Gall v. United States*, 552 U.S. ---, 128 S. Ct. 586, 597 (2007), for the reasons stated in this opinion and our prior opinion, we affirm Jones's sentence.

_____

[3]As in *Moore*, we note that Jones's sentencing hearing occurred before this circuit issued an en banc decision rejecting a downward variance based solely on a district court's categorical rejection of the 100:1 ratio, *see United States v. Spears*, 469 F.3d 1166 (8th Cir. 2006) (en banc), *vacated*, 552 U.S. ---, 128 S. Ct. 858 (2008), at a time when there was no circuit precedent that prevented a district court from considering the crack/powder disparity when determining whether a variance under the § 3553(a) factors was appropriate. *Moore*, 518 F.3d at 580.