# SUPREME COURT OF THE UNITED STATES

### JAMES ERIC MOORE *v.* UNITED STATES

#### ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT

No. 07–10689.   Decided October 14, 2008

PER CURIAM.

James Eric Moore was convicted of one count of possessing cocaine base with intent to distribute, a violation of 21 U. S. C. §§841(a)(1) and (b)(1). Given the quantity of crack cocaine, the presentence report calculated that Moore's sentencing range under the United States Sentencing Guidelines was 151 to 188 months. At sentencing, Moore asked the District Court to impose a below-Guidelines sentence in light of our decision in *United States* v. *Booker*, 543 U. S. 220 (2005), and the Guidelines' disparate treatment of similar amounts of crack and powder cocaine.

The District Court refused, saying:

> "With regard to the crack and powder cocaine difference, that is the law. I'm applying the law as it currently stands. If that is going to be changed, that is a congressional matter. Congress is the one who looks at the guidelines and decides whether or not they should be put in—in force. . . . It isn't the judges. It's the lawmakers, and I have taken an oath to apply the law, and that's what I will do in this sentencing." App. C to Pet. for Cert. 55–56.

The District Court sentenced Moore to 188 months of imprisonment and six years of supervised release.

Moore appealed, and the United States Court of Appeals for the Eighth Circuit affirmed his conviction and sentence. *United States* v. *Moore*, 470 F. 3d 767 (2006). In response to his claim that the District Court should have considered the crack/powder disparity, the Court of Ap-

peals held that "the district court was correct in concluding that 'neither *Booker* nor [18 U. S. C.] §3553(a) authorizes district courts to reject' the powder cocaine to crack cocaine quantity ratio mandated by Congress and reflected in the Guidelines." *Id.,* at 770 (quoting *United States* v. *Spears*, 469 F. 3d 1166, 1176 (CA8 2006) (en banc)). Moore filed a petition for certiorari with this Court. Pet. for Cert. in *Moore* v. *United States*, No. 06–9749.

While Moore's certiorari petition was pending, this Court issued its opinion in *Kimbrough* v. *United States*, 552 U. S. ___ (2007), concluding that a judge "may consider the disparity between the Guidelines' treatment of crack and powder cocaine offenses" when applying 18 U. S. C. §3553(a), "even in a mine-run case." *Id.,* at ___, ___ (slip op., at 2, 21). We granted Moore's petition, vacated the judgment, and remanded the case to the Eighth Circuit for further consideration in light of *Kimbrough. Moore* v. *United States*, 552 U. S. ___ (2008).

On remand, without new briefing, the Eighth Circuit affirmed again. 518 F. 3d 577 (2008). This time, the Court of Appeals concluded that "[a]s there was then no circuit authority to the contrary, we presume the district court was aware that *Booker* granted it discretion to vary downward based upon the impact of the crack cocaine guidelines on this defendant, but elected not to exercise that discretion." *Id.*, at 580.

Proceeding *pro se*, Moore again petitioned for certiorari, arguing that the Eighth Circuit's new characterization of the transcript is wrong, and that it is "clear that the district court thought judges had no discre[t]ion to reject" the Guidelines ratio. Pet. for Cert. 7. The United States agrees that the Eighth Circuit erred, see Brief for United States 9, and so do we.

When the District Court said that "[i]t isn't the judges" but Congress that "looks at the [G]uidelines and decides whether or not they should be put . . . in force," the court

Per Curiam

showed that it did not think it had the discretion later upheld by *Kimbrough*. App. C to Pet. for Cert. 56. The Eighth Circuit's first decision recognized this, describing the District Court as "concluding" (correctly under circuit precedent) that it was not "authorize[d] . . . to reject" the crack/powder disparity. *Moore,* 470 F. 3d, at 770 (internal quotation marks omitted). In light of the District Court's comments at sentencing, the Court of Appeals should have remanded the case to the District Court for resentencing under *Kimbrough*. We express no views on how the District Court should exercise its discretion at resentencing.

The petition for certiorari and the motion for leave to proceed *in forma pauperis* are granted. The judgment of the Court of Appeals is reversed, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*