# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3309

_____

United States of America,            *
                                     *
        Plaintiff - Appellee,        *
                                     *      Appeal from the United States
v.                                   *      District Court for the
                                     *      Northern District of Iowa.
James Eric Moore,                    *
                                     *
        Defendant - Appellant.       *

_____

Submitted: June 18, 2010
Filed: November 1, 2010

_____

Before LOKEN, BRIGHT, and GRUENDER, Circuit Judges.

_____

LOKEN, Circuit Judge.

While on supervised release for a prior drug conviction, James Eric Moore sold crack cocaine to a confidential informant. A jury found Moore guilty of possession with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); the district court sentenced him to 188 months in prison. In a separate proceeding, the court also found that Moore violated the terms of his supervised release, granted the government's petition to revoke, and imposed a consecutive 24-month sentence for that violation. Moore appealed both sentences, and we affirmed. United States v. Moore, 470 F.3d 767 (8th Cir. 2006). The Supreme Court vacated and remanded for reconsideration in light of Kimbrough v. United States, 552 U.S. 85 (2007). Moore v. United States, 552 U.S. 1090 (2008), and 129 S. Ct. 4 (2008). We

remanded for resentencing under Kimbrough, which held that district courts may vary from the advisory guidelines range because of the Guidelines' sentencing disparity between crack and powder cocaine offenses. 552 U.S. at 110-11. On remand, the district court[1] conducted a full resentencing. Applying the retroactive amendments that reduced the Guidelines' disparity between crack and powder cocaine sentencing, see U.S.S.G. App. C, amend. 706, 711, 713 (2009), the court determined an advisory sentencing range of 130-162 months in prison and sentenced Moore to 130 months for the drug offense. Moore appeals. We affirm.

1. On the issue that prompted the Supreme Court's remand, Moore argues that his sentence is substantively unreasonable because the district court should have granted a downward variance to eliminate the remaining disparity between crack cocaine and powder cocaine offenses under the recent Guidelines amendments. The district court acknowledged its ability to vary downward but declined to do so, describing Moore as "an unrepentant recidivist" and pointing to his criminal history, his false testimony at trial, and his attempt to rationalize his crime by blaming the police. As our recent decisions make clear, while Kimbrough permitted district courts to disagree with and vary from the amended crack cocaine guidelines, it did not *require* them to do so. United States v. Talamantes, -- F.3d -- (8th Cir. 2010); United States v. Barron, 557 F.3d 866, 871 (8th Cir. 2009). Moore's revised sentence was within the amended guidelines range and reflected a reduction of 58 months. Our substantive review of sentences "is narrow and deferential. . . . [I]t will be the unusual case when we reverse a district court sentence -- whether within, above, or below the applicable Guidelines range -- as substantively unreasonable." United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc). We conclude that Moore's sentence is not unreasonable.

---

[1] The HONORABLE LINDA R. READE, Chief Judge of the United States District Court for the Northern District of Iowa.

2. Moore argues the district court committed procedural error in calculating the drug quantity attributable to his offense by crediting "unsubstantiated testimony" and failing to eliminate personal use quantities. At trial, Detective George Aboud testified that Moore admitted purchasing 1.5 grams of crack cocaine from four different individuals, five to six times each. At sentencing, Moore disputed this testimony, stating that he purchased crack cocaine a total of five to six times, not five to six times from each individual. The district court credited Aboud's testimony in determining drug quantity. Moore further testified that a substantial portion of the quantity he purchased was for personal use. However, a warrant search of Moore's residence uncovered no evidence of personal use, and his twice-monthly drug tests yielded no positive results for the eight months prior to the search. The district court rejected Moore's personal use testimony. These credibility determinations were within the province of the district court and are rarely overturned on appeal. United States v. Lincoln, 413 F.3d 716, 717 (8th Cir.), cert. denied, 546 U.S. 1081 (2005). Moreover, Moore's drug quantity was near the top of the applicable offense level range; even reducing it by forty percent would not affect the advisory guidelines range. There was no clear error. See Moore, 470 F.3d at 770.

3. Moore next argues that the district court committed procedural error when it imposed a two-level increase for obstruction of justice. The court found that Moore "willfully lied under oath at trial, and . . . repeated those lies before the judge for sentencing." The court cited as examples Moore's testimony that he personally used a substantial portion of the crack he purchased and his repeated denials that he knew about the crack found during the warrant search of his residence. Lying to obtain a lighter sentence is obstruction of justice under U.S.S.G. § 3C1.1, and the district court's finding that Moore lied "must be accepted unless clearly erroneous." United States v. Flores, 959 F.2d 83, 87 (8th Cir.), cert. denied, 506 U.S. 976 (1992). There was no clear error.

4. Finally, Moore's attorney thoroughly briefed five additional issues that are presented in accordance with the procedures set forth in Anders v. California, 386

U.S. 738 (1967). Moore argues that imposing consecutive sentences for the drug offense and the supervised release violation for the same conduct violated the Double Jeopardy Clause, or the Sixth Amendment as construed in Apprendi v. New Jersey, 530 U.S. 466 (2000);[2] that the advisory guidelines adopted in United States v. Booker, 543 U.S. 220 (2005), may not be applied to increase the sentencing range for conduct committed prior to the decision in Booker; that cocaine base, cocaine, and crack are the same chemical substance and therefore must be sentenced identically under 21 U.S.C. § 812, Schedule II(a)(4); that the district court (and every court to consider the issue) erred when it applied the relevant conduct guideline, U.S.S.G. § 1B1.3, to aggregate convicted and unconvicted conduct in determining drug quantity; and that the district court abused its discretion in denying him a downward variance because financial stress, brought on by a prior unwarranted arrest for forgery, caused him to sell crack cocaine. For the most part, these contentions (or variations thereof) were raised and rejected in his initial appeal. See Moore, 470 F.3d at 769-70. In any event, we conclude they are without merit. See United States v. Carlton, 534 F.3d 97, 101 (2d Cir.), cert. denied, 129 S. Ct. 613 (2008), and United States v. Bennett, 561 F.3d 799, 802 (8th Cir. 2009) (post-revocation penalties for the same underlying conduct do not implicate the Double Jeopardy Clause); United States v. Clemmons, 461 F.3d 1057, 1061-62 (8th Cir. 2006) (the mandatory Guidelines may not be applied in sentencing pre-Booker offenses); 21 U.S.C. § 841(b)(1)(A)(ii) and (iii) (imposing greater punishment for a cocaine substance "which contains cocaine base"); U.S.S.G. § 1B1.3(a).

The judgment of the district court is affirmed.

---

[2]The revocation sentence has been affirmed on appeal and is not at issue. See United States v. Moore, 518 F.3d 577, 580 (8th Cir. 2008).

BRIGHT, concurring.

I concur but write separately to again note the disparity in sentences for offenses relating to crack cocaine between the federal judges who preside and serve in the Northern District of Iowa. *See United States v. Brewer*, -- F.3d --, 2010 WL 4117368 (8th Cir. Oct. 21, 2010).

If the district court had applied a 1 to 1 ratio between crack cocaine and powder cocaine, rather than the 25 to 1 ratio actually applied here, the sentencing guideline range would have been 41-51 months (3 years, 5 months – 4 years, 3 months) instead of the sentencing guideline range utilized here of 130-162 months (10 years, 10 months – 13 years, 6 months).

_____