**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5006**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

STEPHEN MCKINLEY BLACKMAN,

                    Defendant – Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.   Terry L. Wooten, District Judge.
(4:10-cr-00491-TLW-1)

Submitted:  May 20, 2011                 Decided:  June 8, 2011

Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael A. Meetze, Assistant Federal Public Defender, Florence,
South Carolina, for Appellant.    William N. Nettles, United
States Attorney, Robert F. Daley, Jr., William E. Day, II,
Assistant United States Attorneys, Columbia, South Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stephen McKinley Blackman pled guilty to one count of failure to register as a sex offender, in violation of 18 U.S.C. § 2250(a) (2006). On appeal, he challenges his twenty-eight-month sentence, arguing the district court abused its discretion in denying his motion for a downward variance and that his sentence, in this regard, is procedurally and substantively unreasonable. We affirm.

By written motion prior to sentencing and again at sentencing, Blackman requested a downward variance on three grounds. First, Blackman requested the district court vary downward based on his policy argument that U.S. Sentencing Guidelines Manual (USSG) § 2A3.5 (2009), as presently constituted, allows only a two-level reduction for acceptance of responsibility for tier I and tier II offenders whereas tier III offenders may receive as much as a three—level reduction for acceptance of responsibility, resulting in, according to Blackman, an unwarranted sentencing disparity among defendants with similar records that have been found guilty of similar conduct. Second, Blackman argued a sentence in the Guidelines range was greater than necessary to accomplish the goals of 18 U.S.C. § 3553(a) (2006), because he merely violated a registration provision of a non-punitive statute. Last, Blackman, focusing on the "characteristics of the defendant"

2

factor of 18 U.S.C. § 3553(a)(1), alleged he has "ongoing problems with substance abuse" and that "the vast majority of the incidents listed in his presentence report are substance abuse related as charged."

At sentencing on September 20, 2010, Blackman made no objections to the presentence report or to the established advisory Guidelines range. The district court first heard lengthy argument on Blackman's motion for a variance based on his policy argument pertaining to USSG § 2A3.5. The district court ultimately denied the motion, stating:

> I'm not prepared to conclude that the Guidelines are flawed. And I am not sure that you are arguing that they are flawed. It is just a question of the Commission giving anybody a little more break—or an opportunity for a reduction; is that the right way to describe it—for a higher-tiered defendant and then, therefor [sic], based on your position, the lesser-tiered defendant end up with less off and the higher-tiered defendant who starts at a higher level gets more off.

> It might be worthwhile—and, again, it is up to the Commission—it is not up to the court—to, at least, consider that circumstance—and maybe they did, maybe they did, but consider than circumstance—and see if it requires any change.

> But I do not find that the Guidelines are flawed in connection with this nor that it is such an inequity that it would be a basis for me to vary in this case on this basis. . . . I am not prepared to conclude that the Commission's policy is flawed because of the decisions that were made, a new [G]uideline coming in and allowing for the three levels. But I have considered your position and I do not conclude that it is a basis for a variance in this case.

3

Blackman again posited as his second basis for a downward variance that "failure to register cases are different than other criminal cases[,] because the purpose of . . . SORNA [Sex Offender Registration and Notification Act] . . . is not to punish people." The court denied the motion on this argument, responding that "[t]here is a criminal penalty that comes into play . . . in the end, [SORNA] does provide for a criminal punishment that has withstood Ex Post Facto arguments." With respect to Blackman's reliance on his substance abuse related offenses, the district court acknowledged that Blackman had some substance abuse treatment problems, but concluded that the record did not support a basis for the district court to vary.

After hearing from the parties and allowing Blackman an opportunity to allocute, the district court analyzed the 18 U.S.C. § 3553(a) factors, with due consideration to this Court's pronouncement in United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009), that district courts should render an individualized sentence in imposing sentence. The district court sentenced Blackman towards the bottom of the Guidelines range to twenty-eight months' imprisonment.

On appeal, Blackman argues the district court erred in denying his motion for a downward variance on the three specified grounds and that the district court's denial of his motion rendered his sentence procedurally and substantively

4

unreasonable. A sentence is reviewed for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id.; see United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). A sentence imposed within the properly calculated Guidelines range is presumed reasonable by this court. United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010).

In determining the procedural reasonableness of a sentence, this court considers whether the district court properly calculated the defendant's Guidelines range, treated the Guidelines as advisory, considered the 18 U.S.C. § 3553(a) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Gall, 552 U.S. at 51. Blackman does not dispute that the district court properly calculated his Guidelines range under the advisory Guidelines. However, he argues his sentence is procedurally unreasonable because the district court treated the Guidelines as mandatory. Specifically, he argues, when the district court denied his motion for a downward variance based on his Guideline policy argument, the district court improperly stated it was not up to the court, but rather the Commission, to consider the circumstance and see if it required any change. Blackman argues that this statement indicates that the district court

5

effectively treated the Guidelines as mandatory. Similarly, Blackman claims the district court treated the Guidelines as mandatory in rejecting his motion for a downward variance on the ground that he violated the registration provision of a non-punitive statute.

Because Blackman requested a sentence below the Guidelines range on the above-cited grounds, his claim was properly preserved, and we review for reasonableness under an abuse of discretion standard, reversing "unless . . . the error was harmless." Lynn, 592 F.3d at 576, 578 ("By drawing arguments from § 3553 for a sentence different than the one ultimately imposed, an aggrieved party sufficiently alerts the district court of its responsibility to render an individualized explanation addressing those arguments, and thus preserves its claim."); cf. United States v. Hernandez, 603 F.3d 267, 270 (4th Cir. 2010) (reviewing claim of procedural unreasonableness for plain error because defendant did not argue for a sentence different from the sentence that he received).

It is now well established that a district court may consider policy objections to the Sentencing Guidelines. Kimbrough v. United States, 552 U.S. 85, 101-07 (2007). In Kimbrough, the Supreme Court held that a district court may deviate from the advisory Guidelines range for crack cocaine offenses based on its conclusion that the disparity between

ranges for crack and powder cocaine results in a sentence greater than necessary to achieve the sentencing goals of § 3553(a). Id. at 91. The Court has since reinforced the point that "district courts are entitled to reject and vary categorically from the . . . Guidelines based on a policy disagreement with those Guidelines." Spears v. United States, 555 U.S. 261, ___, 129 S. Ct. 840, 843-44 (2009). In Moore v. United States, 555 U.S. 1, 1 (2008) (per curiam), the Court held that the sentencing court committed procedural error because it did not believe it had discretion to depart from the Guidelines under Kimbrough, because it stated "Congress is the one who looks at the [G]uidelines and decides whether or not they should be put in-in force . . . . It isn't the judges." Id.; see also United States v. Herder, 594 F.3d 352, 362-63 (4th Cir.) (vacating sentence when district court "refused to consider a variation from the Guidelines in light of the 67:1 ratio between crack and powder cocaine at Herder's offense level" because the district court found that "'Congress has decided that that's an appropriate ratio to establish'"), cert. denied, 130 S. Ct. 3440 (2010).

While in isolation the district court's statement that it is up to the Commission to decide whether a change in the Guideline is warranted supports Blackman's contention, a review of the district court's entire analysis makes clear that the

7

district court recognized its authority to vary from the Guidelines range in Blackman's case but simply declined to exercise that authority. Specifically, the court stated: "I do not find that the Guidelines are flawed in connection with this nor that it is such an inequity that it would be a basis for me to vary in this case on this basis . . . . I am not prepared to conclude that the Commission's policy is flawed because of the decisions that were made . . . ."

This court has made clear that an appellate court's analysis should focus on what the district court "actually did," not on whether it used some forbidden phrase. Mendoza-Mendoza, 597 F.3d at 218-19 (instructing appellate courts should not "nitpick" or "flyspeck" every transcript they review, or play "Gotcha!" with district court judges). Rather, to afford the appropriate amount of deference to district court judges, this court must look to the "full context" of the sentencing transcript to determine whether the district court properly understood its rights and responsibilities. Id. We conclude the record reflects that the district court acknowledged its authority to vary from the Guidelines range with regard to the Guideline policy argument, but ultimately disagreed with Blackman's argument, thereby denying the motion.

Blackman's cursory argument that the district court treated the Guidelines as mandatory with respect to his

assertion that SORNA is not a punitive statute is without merit. Blackman construes the district court's words that there is a criminal penalty and a Guideline that come into play as indicative of the district court's treatment of the Guidelines as mandatory. Such a reading is unsupported. We conclude the district court's statement merely reflected the court's acknowledgement that SORNA has a criminal penalty and an attendant Guideline provision for non-compliance with the registration requirements. The district court's statements therefore did not render Blackman's sentence procedurally unreasonable.

Blackman also generally challenges the substantive reasonableness of his sentence, arguing that the district court abused its discretion in rejecting the three proffered bases for a downward variance. To the extent Blackman suggests the district court should have adopted his policy argument, Kimbrough does not require appellate courts to discard "the presumption of reasonableness for sentences based on non-empirically-grounded Guidelines." United States v. Mondragon-Santiago, 564 F.3d 357, 366 (5th Cir.), cert. denied, 130 S. Ct. 192 (2009); see also United States v. Talamantes, 620 F.3d 901, 901 (8th Cir. 2010) (per curiam). While "district courts certainly may disagree with the Guidelines for policy reasons and may adjust a sentence accordingly[,] . . . if they do not,

[appellate courts] will not second-guess their decisions under a more lenient standard simply because the particular Guideline is not empirically-based." Mondragon-Santiago, 564 F.3d at 367. We therefore conclude the presumption of reasonableness applies to this court's review of Blackman's sentence.

Blackman's arguments on appeal fail to rebut the presumption that his within-Guidelines sentence was reasonable. In this case, the district court heard argument at length from both parties on the motion for a downward variance. Ultimately, the court explicitly rejected Blackman's argument that the Guideline was flawed and found the other two arguments unpersuasive grounds to vary. We conclude Blackman's sentence was substantively reasonable.

Accordingly, we affirm Blackman's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

10