# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-1488

_____

United States of America,

*Appellee*

v.

Dandrae Jones,

*Appellant*

_____

Appeal from the United States District Court
for the Western District of Missouri

_____

Submitted: January 17, 2013
Filed: February 21, 2013
[Unpublished]

_____

Before BYE and MELLOY, Circuit Judges, and KOPF,[1] District Judge.

_____

KOPF, District Judge.

A jury convicted Dandrae Jones of conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. On

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska, sitting by designation.

appeal, Jones argues the district court[2] erred when it denied his motion for judgment of acquittal, and when it applied a two-level enhancement for obstruction of justice. We affirm the district court's decisions challenged on appeal.

## I.     Sufficiency of Evidence

Jones argues the district court erred when it denied his motion for judgment of acquittal because the government produced insufficient evidence. We review "the sufficiency of the evidence de novo, viewing the evidence in the light most favorable to the government, with all reasonable inferences and credibility determinations made in support of the jury's verdict." *United States v. Kelly*, 436 F.3d 992, 996 (8th Cir. 2006). A verdict will be overturned "only if no reasonable jury could have found [the defendant] guilty beyond a reasonable doubt." *United States v. Gray*, 369 F.3d 1024, 1028 (8th Cir. 2004). To prove a defendant was involved in a conspiracy to distribute cocaine, the government must show (1) there was a conspiracy to distribute cocaine; (2) the defendant knew of the conspiracy; and (3) the defendant intentionally joined the conspiracy. *United States v. Jiminez*, 487 F.3d 1140, 1146 (8th Cir. 2007).

A reasonable jury could have found Jones guilty of conspiracy to distribute five kilograms or more of cocaine. Alejandro Corredor testified at Jones's trial that Corredor was the head of a large cocaine and marijuana conspiracy that operated in the greater Kansas City metropolitan area. Corredor described the conspiracy in great detail, and identified Jones as one of his main drug distributors. Corredor testified about the amount of cocaine he received from his suppliers, and the amount he, in turn, distributed to Jones. In addition, Corredor testified about a drug ledger recovered from his home the day he was arrested. According to Corredor, this ledger showed that Jones owed Corredor $135,000.00 for cocaine that had been fronted to him.

---

[2]The Honorable Nanette Laughrey, United States District Judge for the Western District of Missouri.

Two cooperating witnesses corroborated Corredor's testimony. One of these witnesses testified that he sold cocaine for Jones, that he saw Jones handling a lot of drugs, and that Jones was Corredor's "right-hand man." The other testified that she observed Jones, on multiple occasions, bring money to Corredor for payment of drug debts.

The testimony by these witnesses demonstrated there was a drug conspiracy, and Jones was a knowing participant. Jones attacks the credibility of the witnesses. However, "[t]he jury has the responsibility of resolving conflicts or contradictions in testimony, and [the court] resolve[s] any credibility issues in favor of the verdict." *United States v. Johnson*, 688 F.3d 494, 502 (8th Cir. 2012) (quoting *United States v. Ali*, 616 F.3d 745, 755 (8th Cir. 2010)). After carefully reviewing the record and drawing all reasonable inferences in favor of the jury's verdict, we affirm the district court's denial of Jones's motion for judgment of acquittal.

## II. Obstruction of Justice

Jones argues the district court erred when it applied an obstruction of justice enhancement based on the district court's determination that Jones intentionally gave false testimony. Jones testified at trial that he had no involvement in drug trafficking with the Corredor organization.

"A defendant is subject to an enhancement under U.S.S.G. § 3C1.1 if he testifies falsely under oath in regard to a material matter and does so willfully rather than out of confusion or mistake." *United States v. Mabie*, 663 F.3d 322, 334 (8th Cir. 2011) (quoting *United States v. Mendoza-Gonzalez*, 363 F.3d 788, 796 (8th Cir. 2004)). "We give great deference to a district court's decision to impose an obstruction of justice enhancement, reversing only when the district court's findings are insufficient." *United States v. Yarrington*, 634 F.3d 440, 452 (8th Cir. 2011) (quoting *United States v. Cunningham*, 593 F.3d 726, 730 (8th Cir. 2010)). "A district court must find the predicate facts supporting such an enhancement for obstruction of justice by a

preponderance of the evidence." *United States v. Alvarado*, 615 F.3d 916, 922 (8th Cir. 2010). A district court may not apply this adjustment "simply because a defendant testifies on his own behalf and the jury disbelieves him." *United States v. Flores*, 362 F.3d 1030, 1037 (8th Cir. 2004) (quoting *United States v. Washington*, 318 F.3d 845, 861 (8th Cir. 2003)).

Jones argues the district court found Jones obstructed justice based solely on the jury finding him guilty. We reject Jones's argument. The district court presided over the trial, listened to the evidence, and listened to Jones's testimony. It applied the enhancement for obstruction of justice, stating, "I was at the trial . . . I believe that in fact the defendant is guilty of the crime charged and that in fact he did not tell the truth when he took the stand in his own behalf." The district court's determination that Jones was untruthful "must be accepted unless clearly erroneous." *United States v. Moore*, 624 F.3d 875, 878 (8th Cir. 2010) (quoting *United States v. Flores*, 959 F.2d 83, 87 (8th Cir. 1992)). The district court's finding was not clearly erroneous.

Accordingly, we affirm the conviction and sentence.

_____