# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 20-1332

———————————————

United States of America,

*Plaintiff - Appellee*,

v.

Shawn David Turner,

*Defendant - Appellant*.

——————————

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

——————————

Submitted: January 11, 2021
Filed: May 11, 2021
[Unpublished]

——————————

Before COLLOTON, WOLLMAN, and SHEPHERD, Circuit Judges.

——————————

PER CURIAM.

Shawn David Turner pleaded guilty to distributing methamphetamine and unlawfully possessing a firearm as an illegal drug user. At sentencing, Turner

disputed the quantity of methamphetamine attributable to him, but the district court[1] found that he testified falsely and obstructed justice. As a result, the court applied a two-level increase for obstruction of justice under USSG § 3C1.1 and did not award a decrease for acceptance of responsibility under § 3E1.1. The resulting advisory guideline range was 151 to 188 months' imprisonment, but the court sentenced Turner below the range to 120 months' imprisonment on each charge, to be served concurrently. Turner appeals his sentence, and we affirm.

The charges arose from a drug trafficking investigation. In October 2018, a confidential informant arranged to buy methamphetamine from one Christopher Lee Zimmerman. Zimmerman and the informant drove to Turner's home, where law enforcement officers conducted surveillance. While the informant waited in the car, Zimmerman entered the garage with Turner. Zimmerman returned to the car with 100.43 grams of actual methamphetamine, which he sold to the informant.

In November 2018, officers searched Turner's residence and discovered firearms and drug paraphernalia. In April 2019, a different confidential informant purchased a total of 14.8 grams of methamphetamine mixture directly from Turner in three controlled sales. Another search of Turner's home that month revealed more firearms.

In July 2019, a grand jury charged Turner with possessing a firearm as an unlawful drug user, *see* 18 U.S.C. § 922(g)(3), and distributing methamphetamine. *See* 21 U.S.C. § 841(a)(1). Turner pleaded guilty; the government agreed to recommend a decrease for acceptance of responsibility under USSG § 3E1.1, but reserved the right to oppose that reduction if Turner obstructed justice. Turner's presentence report attributed to him 100.43 grams of actual methamphetamine from

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

the transaction with Zimmerman, and 14.8 grams of methamphetamine mixture from the controlled sales.

Turner objected to the drug quantity. At sentencing, he testified that Zimmerman came to Turner's garage only to use a scale, not to buy drugs. The district court found Turner's testimony "incredible," and found him responsible for the disputed 100.43 grams of methamphetamine. The court explained that law enforcement agents were monitoring conversations between Zimmerman and the informant, and there was no indication that Zimmerman possessed drugs before he visited Turner. The court also found that scales would have been readily available to Zimmerman, and found it "completely outside the realm of realistic" that Zimmerman already possessed methamphetamine before visiting Turner and entered Turner's garage merely to use a scale before selling the drugs to the informant.

In light of Turner's testimony, the government objected to the reduction for acceptance of responsibility, and instead sought an increase for obstruction of justice under USSG § 3C1.1. The court found that Turner had testified falsely, and that the testimony was material to the case. Based on Turner's testimony, the court denied the reduction and applied the increase for obstruction. The adjustments resulted in a total offense level of 34, with a guideline range of 151 to 188 months. The court imposed concurrent 120-month sentences, varying downward from the advisory range "to account for the significant upward adjustment based upon" Turner's conduct at sentencing.

Turner argues that the court erred in finding that he obstructed justice. A district court must apply a two-level increase if it finds that a defendant has "willfully obstructed or impeded . . . the administration of justice," USSG § 3C1.1, as by "committing . . . perjury" or "providing materially false information to a judge." *Id.*, comment. (n.4(B), (F)). A witness commits perjury if he "gives false testimony concerning a material matter with the willful intent to provide false testimony" while

under oath. *United States v. Dunnigan*, 507 U.S. 87, 94 (1993). "Lying to obtain a lighter sentence" is obstruction of justice under § 3C1.1. *United States v. Moore*, 624 F.3d 875, 878 (8th Cir. 2010). The standard of proof is a preponderance of the evidence, *United States v. Negrete*, 537 F.3d 918, 922 (8th Cir. 2008), and we review the district court's findings for clear error. *United States v. Sanders*, 956 F.3d 534, 540 (8th Cir. 2020).

Because neither the confidential informant nor investigating officers could see inside Turner's garage during his interaction with Zimmerman, Turner argues that his version of events is "quite plausible." The district court, however, found that Turner's testimony was incredible, and that finding was well supported by the strong circumstantial evidence that Zimmerman visited Turner to obtain drugs that Zimmerman then sold to the informant. The court reviewed the evidence and made independent findings that were sufficient to support the conclusion that Turner obstructed justice. *Dunnigan*, 507 U.S. at 95. The district court thus did not err in imposing the two-level increase. Nor did the court err in denying a two-level decrease for acceptance of responsibility, given that Turner falsely denied relevant conduct, *see* USSG § 3E1.1, comment. (n.1(A)), and made no showing that this was an "extraordinary case" in which a defendant who obstructed justice also accepted responsibility. *See id.*, comment. (n.4).

Turner also contends that his sentence is substantively unreasonable. He argues that the court gave too little weight to his history of addiction, his remorse and rehabilitation, and the deterrent effect of a shorter sentence. We review the substantive reasonableness of a sentence for abuse of discretion. *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). A court abuses its discretion if it "commits a clear error of judgment" in weighing the factors in 18 U.S.C. § 3553(a). *Id.* (quoting *United States v. Kane*, 552 F.3d 748, 752 (8th Cir. 2009)). We presume that sentences within the advisory guideline range are reasonable; if a court varies below that range, "it is nearly inconceivable that the court abused its

discretion in not varying downward still further." *United States v. Black*, 670 F.3d 877, 882 (8th Cir. 2012) (quoting *United States v. McKanry*, 628 F.3d 1010, 1022 (8th Cir. 2011)).

The district court varied downward from the advisory range of 151 to 188 months, and did not abuse its discretion by declining to reduce Turner's sentence further. The court addressed Turner's "history of substance abuse," and we presume that the court considered other factors on which it heard argument. *United States v. Keating*, 579 F.3d 891, 893-94 (8th Cir. 2009). The court also discussed the seriousness of Turner's drug and firearm offenses, and his "recidivist behavior" of obtaining more guns after the first search of his home and violating conditions of pretrial release. Sentencing courts have "wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others." *United States v. Bridges*, 569 F.3d 374, 379 (8th Cir. 2009). There was no abuse of discretion in sentencing Turner to a term of 120 months.

The judgment of the district court is affirmed.

_____