NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 18 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PLAYUP, INC.,

Plaintiff-Appellant,

v.

LAILA MINTAS,

Defendant-Appellee.

No. 22-15042

D.C. No.
2:21-cv-02129-GMN-NJK

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Argued and Submitted July 5, 2022
Seattle, Washington

Before: CLIFTON and BUMATAY, Circuit Judges, and CHEN,[**] District Judge.

PlayUp, Inc., appeals the district court's denial of a motion for preliminary injunction in this action against its former officer, Dr. Laila Mintas. PlayUp contends that Mintas violated her employment agreements with the company. The action remains pending in district court, where PlayUp seeks damages and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Edward M. Chen, United States District Judge for the Northern District of California, sitting by designation.

injunctive relief. The current appeal concerns only the denial by that court of PlayUp's motion for preliminary injunction. As the parties are familiar with the facts and allegations, we recite only those necessary to our decision. We have jurisdiction under 28 U.S.C. § 1292(a)(1). We affirm.

The primary allegation by PlayUp is that Mintas breached her employment agreements by making disparaging comments about PlayUp, its parent company, and the parent company's CEO during negotiations for a potential acquisition by a third party of PlayUp's global business. PlayUp contends that Mintas made those comments to gain leverage in her own negotiation for renewal of her expiring employment contract, but that the result was that the potential buyer withdrew and the acquisition was not concluded.

In general, we review the denial of a preliminary injunction for abuse of discretion. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). A district court abuses its discretion when its decision is based on "an erroneous legal standard or clearly erroneous finding of fact." *Id.* (citations omitted).

"A plaintiff seeking a preliminary injunction must establish that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S.

7, 20 (2008). In appropriate cases, we have applied a "sliding scale" approach, "allowing a stronger showing of one element to offset a weaker showing of another." *Doe v. Snyder*, 28 F.4th 103, 111 (9th Cir. 2022). In particular, "a preliminary injunction could issue where the likelihood of success is such that serious questions going to the merits were raised and the balance of hardships tips sharply in plaintiff's favor," so long as the plaintiff also shows that it is likely to suffer irreparable harm and that the injunction is in the public interest. *Cottrell*, 632 F.3d at 1135.

The district court here concluded that PlayUp "ha[d] not met the first of the *Winter* factors, the likelihood of success on the merits." Based on the record before it, that determination was not clearly erroneous. *See Cottrell*, 632 F.3d at 1131.

PlayUp argues that the denial of relief was erroneous because the district court failed to discuss whether PlayUp raised "serious questions going to the merits." We disagree. Though our review might have been simpler if the district court had commented specifically on PlayUp's argument under the alternative standard, it is clear from the court's discussion that it concluded that PlayUp did not make the showing necessary under the alternative standard, either.

Only if the balance of hardships tipped *sharply* in its favor could PlayUp obtain a preliminary injunction under the "serious questions" alternative. *Cottrell*, 632 F.3d at 1135. Implicit in the district court's ruling and surrounding discussion

3

was its conclusion that PlayUp did not make that showing. The district court expressly stated its view, based on the record at that point, that it appeared "more likely" that Mintas had properly "exercise[d] her executive responsibility and that she was turned into the scapegoat" for the failed deal. It observed that there was "substantial evidence" that her comments were not the reason the acquisition failed. The court also expressed doubt about the evidence offered to support the contention that she had made a disparaging comment to the proposed purchaser of the company. Based on the district court's assessment of the evidence at the time it considered the motion, there was no possibility of PlayUp establishing that it was entitled to a preliminary injunction under the sliding-scale standard.

To be clear, we do not hold that one party or the other will necessarily prevail on the merits if this case proceeds to trial. In terms of preliminary relief, however, the district court's denial of the motion for preliminary injunction was not an abuse of discretion.

**AFFIRMED.**